**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Aftermaster, Inc.,[1] | Case No. 20-12017-JTD |
| Debtor. | **Hearing Date: November 2, 2020 at 10:00 am (ET)**<br>**Objection Deadline: October 21, 2020 at 4:00 pm (ET)** |

**DEBTOR'S MOTION FOR ORDER, PURSUANT TO SECTIONS 105(A) AND 365(A) OF THE BANKRUPTCY CODE, AUTHORIZING THE REJECTION OF UNEXPIRED LEASE, *NUNC PRO TUNC* TO SEPTEMBER 30, 2020**

Aftermaster, Inc., debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") hereby moves this Court (this "Motion") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to reject, *nunc pro tunc* to September 30, 2020, that certain unexpired lease for property located in Scottsdale, Arizona, including any amendments or modifications thereto, that the Debtor has determined, in its business judgment, are of little or no value to the Debtor and should therefore be rejected. In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction, Venue and Predicates for Relief**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

---

[1] The last four digits of the Debtor's federal tax identification number are 7953. The Debtor's service address for the purpose of this Chapter 11 case is: Aftermaster, Inc., Attn: Larry Ryckman, 6671 Sunset Blvd., Suite 1520, Los Angeles, CA 90028.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

**General Background**

3.      On August 28, 2020 (the "Petition Date"), the Debtor filed with the Court a voluntary petition under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On August 31, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed David M. Klauder, Esq. as the Subchapter 5 Trustee (the "Subchapter 5 Trustee") in this Chapter 11 Case [Docket No. 9].A full description of the Debtor's business operations, corporate structure, capital structures, and reasons for commencing this case is set forth in the Ryckman Declaration, filed on August 31, 2020 [Docket No. 3] and which is incorporated herein by reference. Additional facts in support of the specific relief sought are set forth herein.

**Rejection of the Rejected Unexpired Leases**

5.      Prior to the Petition Date, the Debtor entered into a lease (the "Lease") for that certain real property located at 101 and 103 7825 E. Gelding Drive, Scottsdale, Arizona. A copy of the Lease is attached hereto as Exhibit A.

6.      The Debtor has determined, in its business judgment, that the Lease is of little or no value to the Debtor. The Debtor's principal place of business is Hollywood, California and the Debtor has ceased using and has vacated the leased space in Scottsdale, Arizona. Accordingly, the Debtor no longer requires, or benefits from, the Lease and has concluded that the Lease has no value to the Debtor's estate. Therefore, the Debtor has determined in its business judgment that it

is in its best interest to reject the Lease effective as of September 30, 2020, thereby avoiding the incurrence of additional administrative expenses on services or goods that are of little or no value to the Debtor.

7.    Accordingly, concurrently with the filing hereof, this Motion will be served on the counterparty to the Rejected Lease ("Counterparty") to provide notice to the Counterparty, prior to September 30, 2020, that (a) the Debtor has elected to reject the Rejected Lease, stop performing under such Rejected Lease, and terminate all benefits received from the Counterparty thereunder as of September 30, 2020, and (b) the Counterparty should cease providing services under the Rejected Lease.

## Relief Requested

8.    By this Motion, the Debtor requests entry of an order authorizing and approving the Debtor's rejection of the Rejected Lease effective as of September 30, 2020.

## BASIS FOR RELIEF REQUESTED

9.    Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration, Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994)).

10.    The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Delightful Music Ltd.*

*v. Taylor (In re Taylor)*, 913 F.2d 102, 107 (3d Cir. 1990); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Glob., Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Glob. Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126 (court should approve a debtor's decision to reject a contract unless the decision is the product of bad faith or a gross abuse of discretion); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *Summit Land Co. v. Allen (In re Summit LandCo.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

11. Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin., Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). Thus, if the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or an unexpired lease. *See, e.g., Bildisco & Bildisco*, 465 U.S. at 523; *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126.

12. A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *Thinking Machs. V. Mellon Fin.*

*Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Amber's Stores*, 193 B.R. 819, 827 (N.D. Tex. 1996); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

13.     Here, for the reasons described in this Motion, the Debtor seeks to reject the Rejected Lease effective as of September 30, 2020, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any potential additional, unnecessary administrative expenses related to the Rejected Lease. The Debtor will not benefit from the Rejected Lease and has concluded that it is unlikely to be able to monetize the Rejected Lease. Accordingly, the Debtor has concluded that rejection of the Rejected Lease is in the best interest of the Debtor's estate, its creditors, and other parties in interest. By serving this Motion on the Counterparty, the Debtor will, prior to or on September 30, 2020, provide formal notice to the Counterparty that (a) the Debtor intends to reject the Rejected Lease, stop performing thereunder, and terminate all benefits received from the Counterparty as of September 30, 2020, and (b) the Counterparty should immediately cease providing any benefit under the Rejected Lease.

14.     The Debtor submits that it has fulfilled the requirements for rejection of the Rejected Lease by providing adequate notice of its intent to reject to the Counterparty.

**DEBTOR'S RESERVATION OF RIGHTS**

15. The Debtor may have claims against the Counterparty arising under, or independently of, the Rejected Lease. The Debtor does not waive such claims by the filing of this Motion or by the rejection of the Rejected Lease.

16. The Debtor is diligently reviewing and evaluating their remaining contracts and agreements, and reserve the right to identify additional executory contracts for rejection in the future. This Motion should not be construed as a determination that any contracts or agreements not listed herein are to be assumed or rejected.

17. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

**NOTICE**

18. The Debtor has provided notice of this Motion to: (a) the U.S. Trustee; (b) the Subchapter 5 Trustee; (c) the Counterparty; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully submits that, in light of the foregoing facts and circumstances, rejection of the Rejected Lease, effective as of September 30, 2020, is necessary, prudent, and in the best interest of the Debtor, its estate, its creditors, and all other parties in interests, and respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: September 30, 2020<br>Wilmington, Delaware | GELLERT SCALI BUSENKELL & BROWN, LLC<br><br>*/s/ Charles J. Brown, III*<br>Charles J. Brown, III (DE 3368)<br>Ronald S. Gellert (DE 4259)<br>Holly M. Smith (DE 6497)<br>1201 N. Orange St., Ste. 300<br>Wilmington, Delaware 19801<br>Telephone:  (302) 425-5806<br>Facsimile:   (302) 425-5814<br>Email:  cbrown@gsbblaw.com<br>           rgellert@gsbblaw.com<br>           hmegansmith@gsbblaw.com<br><br>*Proposed Attorneys for Aftermaster, Inc., Debtor and Debtor-in- Possession* |