# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AFTERMASTER, INC.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12017-JTD <br><br> **RE: D.I. 44 and 50** |

## ORDER PURSUANT TO SECTIONS 105(A) AND 365(A) OF THE BANKRUPTCY CODE, AUTHORIZING THE REJECTION OF UNEXPIRED LEASE, NUNC PRO TUNC TO SEPTEMBER 30, 2020

Upon the Debtor's Motion For Order, Pursuant To Sections 105(a) And 365(a) Of The Bankruptcy Code, Authorizing The Rejection Of Unexpired Lease, Nunc Pro Tunc to September 30, 2020 (the "Motion")[1], filed by the above-captioned debtor and debtor in possession (the "Debtor"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having found that the relief sought in the Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and the Court having found that the

---

[1] The Debtor's last four digits of its U.S. federal tax identification number are 7953. The address for the Debtor's headquarters is 6671 Sunset Blvd., Suite 1520, Los Angeles, CA 90028.

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein.

2. The Debtor is authorized to reject the Rejected Lease *nunc pro tunc* to September 30, 2020, and, to the extent not already terminated, the Rejected Lease is hereby rejected effective as of September 30, 2020.

3. Within five (5) calendar days after entry of this Order, the Debtor shall serve this Order and the schedule attached hereto on Counterparty.

4. Any claims held by the Debtor against Counterparty, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Lease, are fully preserved.

5. Nothing herein shall prejudice the rights of the Debtor to argue that the Rejected Lease was terminated prior to September 30, 2020 or that any claim for damages arising from the rejection of the Rejected Lease is limited to the remedies available under any applicable termination provision of such contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtor or its estate.

6. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

7. To the extent that Bankruptcy Rule 6004(h) is applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. If the Counterparty subject to this Order asserts a claim or claims against the Debtor arising from the rejection of the lease or contract, the Counterparty shall submit a proof of claim on or before the later of (i) the date that is thirty days after the Counterparty is served with notice of entry of this Order; and (ii) the general bar date established by the Court, October 27, 2020.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 29th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE