**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE:<br><br>AFTERMASTER, INC., [1]<br><br>DEBTOR. | CHAPTER 11 (SMALL BUSINESS SUBCHAPTER V)<br><br>CASE NO. 20-12017-JTD |

**ORDER CONFIRMING SMALL BUSINESS DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION OF AFTERMASTER, INC.**

The Small Business Debtor's Third Amended Plan of Reorganization of Aftermaster, Inc. (the "Plan")[2] (D.I. 115) filed on April 23, 2021 by the Debtor, Aftermaster, Inc. (the "Debtor"), having been transmitted to creditors and equity security holders; and the Bankruptcy Court, having considered that all classes of creditors that were entitled to vote on the Plan have accepted the Plan as reflected in the Plan Ballot Summary (D.I. 122) filed on June 1, 2021; and it having been determined after a hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1191(b) been satisfied, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A.    **Jurisdiction**.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.    **Venue**.  Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

1  The last four digits of the Debtor's federal tax identification number are 7953. The Debtor's service address for the purpose of this chapter 11 case is: Aftermaster, Inc., Attn: Larry Ryckman, 6671 Sunset Blvd., Suite 1520, Los Angeles, CA 90028.
2  Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Plan.

C.      **Notice**.  Due, adequate, and sufficient notice of the Plan and the time fixed for submitting ballots and filing objection to confirmation of the Plan was served on April 23, 2021 upon all creditors, interest holders, and parties requesting notice. See D.I. 117 and 118. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the Confirmation Hearing or the Confirmation deadlines was necessary or required.

D.      **Solicitation**. Notice of the Plan and the time fixed for filing objections to confirmation of the Plan was provided to all Classes.  As reflected in the Plan Ballot Summary (D.I. 122), Class 1 – the sole Class entitled to vote on the Plan – unanimously accepted the Plan. The solicitation of votes on the Plan was appropriate under the circumstances.

E.      **Objections to Confirmation**.  The objections filed by the Office of the United States Trustee and the Internal Revenue Service have been resolved.

F.      **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G.      **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes or claims or interests that are not impaired under the Plan.

H.      **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**.  The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I.      **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J.      **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  Section 2.5 of the Plan provides adequate means for the Plan's implementation.

K.      **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.      **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.   Section 2.4 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M.      **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.      **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.      **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189 because it was first filed by the Debtor not later than 90 days after the order for relief under Chapter 11, as computed in accordance with FRBP 9006.

P.      **Contents of a Subchapter V Plan – 11 U.S.C. § 1190.** In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

Q.      **Satisfaction of Conditions – 11 U.S.C. § 1191(b)**.   The Court finds that the Plan satisfies the applicable provisions of 11 U.S.C. § 1129(b) in as much as the Court finds that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**.   The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**.   The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**.   Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be

employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(6)**.  There is no government entity with jurisdiction over the Debtor's rates and, thus, this provision is inapplicable.

6. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date, or each holder of a claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims in compliance with 11 U.S.C. § 1111(b)(2).

7. **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the treatment of all Allowed Administrative Expense Claims and fee claims pursuant to the Plan satisfies the requirements of §§ 1129(a)(9) and 1191(e) of the Bankruptcy Code.

8. **11 U.S.C. § 1129(a)(10)**.  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor

to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10. **11 U.S.C. § 1129(a)(12)**.   All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

11. **11 U.S.C. § 1129(a)(13)**. The Debtor has no retiree benefit plans and, thus, this provision is inapplicable.

12. **11 U.S.C. § 1129(a)(14)**. The debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation and, thus, this provision is inapplicable.

13. **11 U.S.C. § 1129(a)(16)**.   All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.    **Confirmation**.    The Plan, as modified herein, is confirmed under 11 U.S.C. § 1191(b).

2.    **Modifications to Plan**.

- Section 2.1(A) of the Plan shall be modified to reflect that Hover 17, LLC, the Debtor's Arizona landlord shall be entitled to an allowed administrative claim in the amount of $16,000.00 which shall be paid within 60 days of the Effective Date.

- Section 2.6 of the Plan shall be modified to reflect that the requirement the payments required to be made under the Plan shall be made directly by the Debtor and

the requirement of 11 U.S.C. §1194(b) that the Subchapter V Trustee make the payments is waived.

3.      **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, the Reorganized Debtor, any individual or entity acquiring or receiving property or a distribution under the Plan, and any creditor or interest holder of the Debtor, whether or not the claim or interest of such creditor or interest holder, is impaired under the Plan and whether or not such creditor or interest holder has accepted the Plan.

4.      **Re-vesting of Property**.  Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Reorganized Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors. Pursuant to § 1141, any transfers from the Debtor to the Reorganized Debtor or any other person pursuant to the Plan shall not be taxed under any law imposing a stamp tax or other similar tax.

5.      **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Reorganized Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set

forth in the Plan concerning objections to claims, the Reorganized Debtor may also settle or compromise any claims without Court approval.

6.      **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, pursuant to 11 USC § 1192,  as soon as practicable after completion by the Debtor of all payments due within the first 3 years of the Plan, or such longer period not to exceed 5 years as the Court may fix, unless the Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the Court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, except any debt—

(1) on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the court; or

(2) of the kind specified in section 523(a) of this title.

7.      **Disbursing Agent**.    The requirements of § 1194(b) are waived and payments to Creditors provided for in the Plan will be made by the Debtor.

8.      **Effect of Confirmation Order on Plan**.  A copy of the Plan is attached and the terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9.      **Executory Contracts and Leases.** Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

10.     **Service of Confirmation Order**.  Counsel for the Debtor is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

11.     **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12.     **Discharge of the Subchapter V Trustee**.  Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States Trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

13.     **Tax obligations**.  Notwithstanding anything to the contrary in the plan or this confirmation order: (1) the claims of the Internal Revenue Service asserted in its most-recently amended proof of claim (Claims Reg. 2-2) are allowed in full and are entitled to secured and/or priority status to the extent asserted in the proof of claim; (2) the claims asserted to be entitled to priority under § 507(a)(8) of the Bankruptcy Code shall be paid in the manner required by § 1129(a)(9)(C) (in equal monthly installments over a period ending not later than 5 years after the

filing of the petition in this case); (3) the claims asserted to be secured shall be paid in equal monthly installments over a period ending not later than 5 years from the date of confirmation of the plan and the IRS will retain its liens on the debtor's property until completion of those installment payments; and (4) pursuant to §§ 511 and 1129(a)(9)(C), all such priority and secured claims shall accrue interest at the rate provided by applicable non-bankruptcy law.

Nothing contained in the plan or this confirmation order shall be deemed to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any entity except as permitted by 11 U.S.C. §§ 1141(d) and 1192.

Nothing contained in the plan or this confirmation order shall affect any valid setoff or recoupment rights of the United States of America against the debtor or any successor entity, and such rights are expressly preserved. For the avoidance of doubt, nothing in the plan or this confirmation order shall bar the IRS from exercising its non-bankruptcy rights to offset any request for a tax refund for a tax year ending prior to the petition date against any prepetition claims of the United States against any of the debtor.

Nothing contained in the plan or this confirmation order shall be deemed to require the Internal Revenue Service to file a request for payment of taxes entitled to administrative expense priority as a condition of their being allowed as administrative expenses.

Pursuant to 28 U.S.C. § 960, all federal taxes accruing post-petition shall be paid on or before the due date under applicable non-bankruptcy law, and all tax returns required to be filed shall be filed on or before the due date under applicable non-bankruptcy law.

14.     **Jurisdiction**. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to the Bankruptcy Code, this Court, except as otherwise

10

provided in the Plan, shall retain exclusive jurisdiction over all matters arising out of, or related to

Debtor's bankruptcy case to the fullest extent legally permissible.

**Dated: June 3rd, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

11